## White v. Hill, Executor.

A vendee is deemed to have purchased at his own risk, who buys a slave with an apparent defect; there being no misrepresentation or concealment of the truth on the part of the vendor.

A vendee, seeking rescission of the sale of a slave suffering at the time of sale from a flesh wound, should show that he had taken due pains to heal it, or prevent its producing permanent lameness, working the slave in an employment· calculated to aggravate the wound, shows a want of proper care.

C. C. 2497–8.

APPEAL from the District Court of the Parish of East Feliciana, *Merrick*, J. *Pond*, for plaintiff. *Fuqua*, for defendant and appellant.

SPOFFORD, J. The verdict and judgment rescinding the sale of the slave *Lewis*, on account of a redhibitory defect, appear to be erroneous, for two reasons :

1. The vendor declared the defect, such as it was, at the time of the sale.

The officer who made the sale says, that the boy's knee was exhibited; that the plaintiff himself examined it; that it appeared to be swollen, but the injury was thought to be temporary, and was so stated by Dr. *Skipwith*, who examined it in presence of the bystanders, and that it was occasioned by a fall a few days previous.

No deception whatever was practised. The defect was apparent, and was made still more so by directing public attention to it. The plaintiff must be deemed to have bought at his own risk, in regard to this injury to the knee, as he has failed to prove any misrepresentation or concealment of the truth. C. C. 2497–8.

2. The vendee has not shown that he took sufficient pains in seeking to heal the wound, or to prevent it from running into a permanent lameness. It was in a delicate part of the frame, and, according to the opinion of the plaintiff's own medical witness, required rest and attention. Instead of that, the boy was put to the plough, " the worst work to which he could have been put."

No attempt to return the slave appears to have been made until more than a year after the sale, and sometime after the present defendant had procured an order of seizure and sale for the unpaid part of the price.

Afterwards, the slave appears to have been attacked with scrofula, which aggravated the lameness, and the boy may now be considered as worthless. But the circumstances of the case do not require the loss to be thrown on the vendor.

It is therefore ordered, that the judgment of the District Court be reversed; and that the injunction sued out by plaintiff against the order of seizure and sale, be dissolved; the plaintiff to pay costs in both courts.